SARAH J. H. MAYO *vs.* GEORGE H. HAMLIN.

Penobscot.    Opinion February 20, 1882.

*Dower.    Levy.    Redemption.*

The time for redeeming the levy of an execution on real estate may be extended by the creditor by parol.

When so extended, a payment by the debtor and acceptance by the creditor of the amount due under the levy, operates as a waiver of the forfeiture and an extinguishment of the title under the levy.

Where a levy was made on the homestead of the debtor prior to his marriage with the demandant and the debtor subsequently conveyed by deed of warranty the premises to a third person, who in accordance with his agreement with the grantor, paid to the levying creditor the amount due under the levy, but took a release to himself from the levying creditor of his interest in the premises. In an action of dower by the debtor's widow; *Held*, the levy was extinguished and the demandant's husband thereby became seized during the coverture of the demandant, and that she is entitled to dower in the land levied on.

ON REPORT.

The opinion states the case.

*E. C. Brett*, for the plaintiff, cited : *McLeery* v. *McLeery*, 65 Maine, 177 ; *Knight* v. *Mains*, 12 Maine, 41 ; *Randall* v. *Farn-*

*ham,* 36 Maine, 86; *Cutts* v. *York M'f'g Co.* 18 Maine, 190;
*Batchelder* v. *Robinson,* 6 N. H. 12; *Converse* v. *Cook,* 8 Vt.
164; 2 Hilliard Mortgages, 282, 283, 318 *et seq.*; *Chase* v.
*McLellan,* 49 Maine, 375; *Hatch* v. *Palmer,* 58 Maine, 271;
*Freeman* v. *Paul,* 3 Maine, 260; *Bolton* v. *Ballard,* 13 Mass.
227; *Carll* v. *Butman,* 7 Maine, 102; *Hatch* v. *Kimball,* 16
Maine, 146; *Pillsbury* v. *Smyth,* 25 Maine, 427; *Forster* v.
*Mellen,* 10 Mass. 421; *Freeman* v. *McGaw,* 15 Pick. 83;
*Grover* v. *Flye,* 5 Allen, 543; *Jewett* v. *Whitney,* 43 Maine, 242.

*Charles P. Stetson,* for the defendant.

The plaintiff is not entitled to dower because her husband was
not seized of the premises during the marriage. The attachment
and levy were before the marriage, the time of redemption
expired and the title became absolute in the bank; the bank
conveyed the premises — an absolute title to Blake; it was not
a release of the levy, but a sale and conveyance of the premises.
*Brown* v. *Williams,* 31 Maine, 403; *Mann* v. *Edson,* 39 Maine,
25; *Hamlin* v. *Hamlin,* 19 Maine, 141.

The defendant does not claim under Gideon Mayo and is not
estopped to deny his seizin of the premises by Mayo's warranty
deed to Blake. *Foster* v. *Dwinel,* 49 Maine, 44; *Hamlin* v.
*Hamlin,* 19 Maine, 146.

The title of the Orono bank by the levy becoming absolute,
Blake's title came from the bank, not from Mayo. Mayo's
warranty deed conveyed nothing of the premises to him.

The advertisment, and conversations of Hamlin with Wilson
are inadmissible as evidence and cannot affect the title. The
advertisment was no act of Hamlin, the conversations were
before the sale to him, were *res inter alios.* *Hamlin* v. *Hamlin,*
19 Maine, 145.

Mayo did not intend that there should be a release of the Orono
Bank's title by levy, he procured the conveyance to be made to
Blake. His acts throughout show that he did not intend to
have the legal title — the legal seizen in himself; there was no
merger of the titles in him or in Blake. *Simonton* v. *Gray,* 34
Maine, 50.

VIRGIN, J. The widow of the late Gideon Mayo demands her dower in certain real estate comprising what formerly were three parcels of land, viz : (1,) Her husband's original homestead, of about twenty-four acres with buildings ; (2,) the "Palmer lot," of seven acres ; and (3,) "White acre." The defendant admits the demandant's right of dower in the second and third parcels, but denies it in the first.

The demandant's marriage, on October 14, 1861, the death of her husband, on December 25, 1876, and a seasonable demand are admitted. The case comes up on report, the court "to draw such inferences from the evidence which is admissible as a jury might, and determine the legal rights of the parties."

The principal contention is, whether the husband had such a seizin in the original homestead, at any time after the marriage, as would entitle the demandant to dower therein. To sustain the allegation of the husband's seizin, the demandant put in evidence a quit-claim deed of the homestead, from one Van Damme to her husband, dated January 22, 1849, with testimony that she and her husband occupied the premises from the time of the marriage until his decease, thus establishing a *prima facie* case. *Knight* v. *Mains*, 12 Maine, 41 ; *Mann* v. *Edson*, 39 Maine, 25.

While the defendant does not deny Mayo's seizin before the marriage, he does contend that he was not seized at any time during the coverture of the demandant ; and as tending to establish it, the defendant put into the case the legal evidence of an attachment of the homestead, made on December 16, 1857, on a writ in favor of *Orono Bank* v. *Gideon Mayo*, judgment thereon August 27, 1861, and a levy of the execution September 25, 1861, twenty days prior to the marriage. Assuming, therefore, that the levy was legal and that it has never been redeemed, there would seem to have been no seizin in Mayo since the marriage, the statute conveyance having been made prior thereto. *Brown* v. *Williams*, 31 Maine, 403.

Was the homestead ever redeemed from the levy and the claim under it extinguished? We have no doubt it was, and that it was so understood by all the parties connected with the negotiations.

We find the facts touching this matter to be as follows: The levy was made on September 25, 1861, and, in the absence of any intervention by the parties, the time of redemption would have expired September 25, 1862, and the bank's title become absolute. R. S., c. 76, § 22. But before the expiration of the year for redemption, the time for redemption was extended indefinitely by the officers of the bank, "Mayo having the liberty to redeem at his convenience." This agreement was ratified by the directors, at a meeting thereof. Accordingly, after the expiration of the year, viz: on December 31, 1862, at Mayo's instigation, the amount due to the bank under the levy from Mayo was computed, and the president of the bank, who had all along agreed to extend the time of redemption, was expressly authorized by the directors, to release the interest which the bank then had to the land levied upon on payment of $1482.51, found due. That Mayo agreed to convey by deed of warranty and did so convey the premises covered by the levy, together with several other parcels of land, to Blake; and as a part, at least, of the consideration of that deed, Blake agreed to and did pay to the bank the $1482.51, and took a release from the bank to himself, all done on the same day, December 31, 1862. In all the succeeding conveyances and negotiations among the parties the levy is nowhere mentioned and Blake speaks of his having redeemed the levy.

Applying well settled law to the foregoing facts, we conclude that the demandant is entitled to dower in the homestead of her husband. The bank directors could extend by parol the time of redeeming the levy. *Chase* v. *McLellan*, 49 Maine, 375. And having received the sum due under the levy, though after the expiration of the year, vacated the levy if paid by Mayo or his agent. *Randall* v. *Farnham*, 36 Maine, 86, 88. But whether Blake was or not the agent of Mayo in paying the money to the bank, he paid it in accordance with his agreement and as a part of the consideration of the deed of warranty, and such payment operated as a discharge of the levy notwithstanding he took a release to himself. *Bolton* v. *Ballard*, 13 Mass. 227; *Hatch* v. *Palmer*, 58 Maine, 271, 273; *Wedge* v. *Moore*, 6 Cush.

8; *Kilborn* v. *Robbins*, 8 Allen, 471; *McCabe* v. *Swap*, 14 Allen, 191, and cases there cited. And when the levy was discharged Mayo was seized so as to vest a right of dower in this demandant; for when the levy was discharged, the estate was as if it had never been incumbered by it. This result was understood by Blake, who through his auctioneers advertised and sold the premises "subject to the widow's right of dower;" and the defendant purchased them at a price less the estimated right of dower. Thus the decision works out justice to all parties, and there must be,

*Judgment for dower.*

APPLETON, C. J., BARROWS, PETERS, LIBBEY and SYMONDS, JJ., concurred.